**Eric ALBANO, Plaintiff,**

v.

**COLBY COLLEGE, et al., Defendants.**

**Civ. No. 92–296–P–H.**

United States District Court,
D. Maine.

June 8, 1993.

James M. Campbell, Brian P. Voke, Campbell & Associates, Charlestown, MA, for plaintiff.

John S. Whitman, Thomas R. McKeon, Richardson & Troubh, Portland, ME, for defendants.

### MEMORANDUM OF DECISION

HORNBY, District Judge.

Do a Maine college and coach have a duty to prevent an adult student, age 20, from becoming excessively intoxicated with resulting severe bodily injury to himself while he is on a college-sponsored expedition at an out-of-state resort? Concluding that the college and the attending faculty member have no such duty under Maine law, I GRANT the defendants' motion for summary judgment.

In March of 1989, 12 members of the Colby College tennis team took a trip to the Palmas del Mar resort in Humacao, Puerto Rico. The Colby Athletic Department approved the spring break trip, but the students and their coach paid for the travel, lodging and other expenses. The spring break trip was an annual event but attendance was not mandatory. While in Puerto Rico, the tennis team members practiced tennis under their coach's supervision each day from noon until 3:00 or 4:00 p.m., then had the remainder of the time to themselves. The coach instructed the team members not to drink excessively and not to leave the resort premises. The legal drinking age in Puerto Rico is 18. The plaintiff, Eric Albano, was 20 years old at the time of the trip.

On March 28, 1989, after tennis practice ended for the day at around 3:00–4:00 p.m., Albano began to consume a substantial number of alcoholic beverages—eventually 3 beers, over 8 mixed drinks and 2 shots of whiskey. The coach was aware that Albano was drinking that afternoon and broke up an altercation between Albano and another team member. Sometime after dinner, the coach and several team members went to the hotel casino. Albano and the other team members went to a piano bar on the hotel premises where they continued to consume alcoholic beverages. During the early morning hours, Albano became separated from the rest of his teammates. At about 6:00 a.m. he was found unconscious on the resort's premises, having sustained severe head injuries. It is unknown whether Albano fell from an adjacent structure or was attacked by an unknown assailant. He has no memory of what happened. Albano has sued Colby College and the tennis coach for negligence. They have moved for summary judgment.

■ It is clear under Maine law that whether a duty of care exists is a question of law. *Trusiani v. Cumberland & York Distribs.*, 538 A.2d 258, 261 (Me.1988). I conclude that neither Colby College nor the tennis coach had a legal duty under Maine law to prevent this tragic injury. First, Albano is an adult and voluntarily chose to drink. Second, Albano's activity took place not on Colby College's premises but at a public resort. Third, the drinking was not

842

part of the tennis practice or instruction that the coach and Colby College provided; Colby College and the coach did not supply the alcohol.[1]

Albano apparently maintains that the coach should have stopped him from drinking. How the coach could have done so remains unclear. It is legal for a 20–year–old to drink in Puerto Rico. The coach was not a law enforcement officer and since the resort was not Colby College premises, he had no authority to evict Albano from the premises. Presumably the only thing he could do was threaten to dismiss Albano from the Colby College tennis team if he did not stop drinking. But the mere ability to control—assuming that the coach or Colby College had such an ability here—does not give rise to a legal duty. *Hughes v. Beta Upsilon Bldg. Ass'n*, 619 A.2d 525, 527 (Me. 1993).

I do not believe that the Maine Law Court would apply the *in loco parentis* doctrine to find a duty on the part of the College or the coach toward Albano in circumstances like these. It is true that the court did use the doctrine in *Brooks v. Jacobs*, 139 Me. 371, 31 A.2d 414 (1943), in connection with a 20–year–old student. The *in loco parentis* doctrine, however, has suffered serious inroads in the 50 years since *Brooks v. Jacobs. See, e.g., Bradshaw v. Rawlings*, 612 F.2d 135 (3rd Cir.1979) (applying Pennsylvania law), *cert. denied*, 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980). Moreover, the 20–year–old student in *Brooks* was enrolled in high school, not college. At that time the Twenty-sixth Amendment had not lowered the voting age to 18, and age 21 was still generally considered the age of majority. Finally, *Brooks v. Jacobs* involved a premises liability claim: the student there was injured while carrying out a classroom activity on school premises under the direction of a faculty member.[2]

This case is also unlike *Baker v. Mid Maine Medical Ctr.*, 499 A.2d 464 (Me.1985), where the court found that a sponsor of an event had a responsibility to make the event premises reasonably safe for invitees by warning them when a golf player was about to attempt a shot. 499 A.2d at 468. Here, it is undisputed that the plaintiff Albano had been warned not to consume liquor to excess, but voluntarily chose to ignore that warning. Albano's case is far more like *Brewer v. Roosevelt Motor Lodge*, 295 A.2d 647 (Me. 1972), where the Law Court upheld a directed verdict for the defendant because "the plaintiff herself elected to unlock and raise the bathroom window to clear the air after a bath, eschewing the measures provided by the motel for [safety purposes]." *Schultz, supra*, at 371.

The point is, Albano as an adult freely made the decision to consume alcoholic beverages and neither Colby College nor the coach forced or encouraged him to do so. I find no support in Maine law for the proposition that a Maine college or college coach has an obligation to prevent an adult student from being injured as a result of drinking excessively on a college-sponsored trip in a jurisdiction where drinking is legal.[3] However helpful or wise it might have been for the tennis coach to have urged Albano to stop drinking on the night in question, he breached no duty in failing to do so. Therefore, summary judgment is GRANTED to the defendants.

So ORDERED.

---

**1.** Although the plaintiff's legal memorandum also refers to the defendants' duty to protect the plaintiff from the harm of a third-party assault, there is no suggestion that the defendants had any reason to believe that a third-party assault was likely. Instead, the basis for liability seems to be the argument that the plaintiff's intoxication exposed him to this risk. Thus, the analysis is the same.

**2.** Other cases cited by the plaintiff also involve premises liability, *e.g., Schultz v. Gould Academy*,

332 A.2d 368 (Me.1975); *Isaacson v. Husson College*, 297 A.2d 98 (Me.1972).

**3.** The fact that the coach directed the students for their safety to stay on the hotel grounds at all times and not to drink liquor to excess did not create "a relationship of dependence" that would give rise to a legal duty where none existed to start with. Likewise, Colby's choice of Puerto Rico (where the legal drinking age was 18 rather than 21 as in Maine) as the site for tennis instruction did not thereby create a legal duty.